IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE MOSINSKI, individually, as Executor of the Estate of DAVID MOSINSKI,<br><br>Plaintiff,<br><br>vs.<br><br>JOHAN CABALLERO, KARDAN TRUCKING, INC., EUGENE VAN BUREN, SWIFT TRANSPORTATION CO., ANTHONY SMITH, and RUSSO BROTHERS TRANSPORT, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:23-cv-00027<br><br>**DEFENDANTS ANTHONY SMITH AND RUSSO BROTHERS TRANSPORT, INC.'S ANSWER TO AMENDED PETITION, AFFIRMATIVE DEFENSES AND JURY DEMAND** |

**COME NOW** Defendants, Anthony Smith and Russo Brothers Transport, Inc., by and through their counsel of record, Engles, Ketcham, Olson & Keith, P.C., and hereby Answer the allegations in Plaintiff's Amended Petition and assert Affirmative Defenses as follows:

**COMMON FACTUAL ALLEGATIONS**

1. These defendants admit Paragraph 1 of the Plaintiff's Amended Petition.

2. These Defendants have insufficient information regarding Paragraph 2 of Plaintiff's Amended Petition, and therefore deny the same.

3. These Defendants have insufficient information regarding Paragraph 3 of Plaintiff's Amended Petition, and therefore deny the same.

4. These Defendants have insufficient information regarding Paragraph 4 of Plaintiff's Amended Petition, and therefore deny the same.

5. These Defendants have insufficient information regarding Paragraph 5 of Plaintiff's Amended Petition, and therefore deny the same.

6. These Defendants have insufficient information regarding Paragraph 6 of Plaintiff's Amended Petition, and therefore deny the same.

7. These Defendants have insufficient information regarding Paragraph 7 of Plaintiff's Amended Petition, and therefore deny the same.

8. These Defendants have insufficient information regarding Paragraph 8 of Plaintiff's Amended Petition, and therefore deny the same.

9. These Defendants admit Paragraph 9 of the Plaintiff's Amended Petition.

10. These Defendants admit Paragraph 10 of the Plaintiff's Amended Petition.

11. These Defendants admit Paragraph 11 of the Plaintiff's Amended Petition.

12. These Defendants deny Paragraph 12 of the Plaintiff's Amended Petition.

13. These Defendants admit Paragraph 13 of the Plaintiff's Amended Petition.

14. These Defendants admit Paragraph 14 of the Plaintiff's Amended Petition.

15. These Defendants admit Paragraph 15 of the Plaintiff's Amended Petition.

16. These Defendants admit Paragraph 16 of the Plaintiff's Amended Petition.

17. These Defendants admit Paragraph 17 of the Plaintiff's Amended Petition.

18. These Defendants lack sufficient information regarding Paragraph 18 of the Plaintiff's Amended Petition, and therefore deny the same.

19. These Defendants lack sufficient information regarding Paragraph 19 of the Plaintiff's Amended Petition, and therefore deny the same.

20. These Defendants deny Paragraph 20 of the Plaintiff's Amended Petition.

21. These Defendants deny Paragraph 21 of the Plaintiff's Amended Petition.

22. These Defendants deny Paragraph 22 of the Plaintiff's Amended Petition.

23. These Defendants deny Paragraph 23 of the Plaintiff's Amended Petition.

24. These Defendants deny Paragraph 24, to include subparts a – i, of the Plaintiff's

Amended Petition.

25. These Defendants deny Paragraph 25 of the Plaintiff's Amended Petition.

### COUNT I – JOHAN CABALLERO'S NEGLIGENCE

26. In response to Paragraph 26 of the Plaintiff's Amended Petition, these Defendants restate and reallege their responses to Paragraphs 1 through 25 of Plaintiff's Amended Petition as if fully set forth herein.

27. The allegations set forth within Paragraphs 27 through 30, inclusive, are not directed at these Defendants and therefore no response of these Defendants is required. To the extent any such response is required, these Defendants deny all allegations set forth in Paragraphs 27 through 30, inclusive, of Plaintiff's Amended Petition.

### COUNT II – VICARIOUS LIABILTY OF KARDAN TRUCKING, INC.

28. In response to Paragraph 31 of the Plaintiff's Amended Petition, these Defendants restate and reallege their responses to Paragraphs 1 through 30 of Plaintiff's Amended Petition as if fully set forth herein.

29. The allegations set forth within Paragraphs 32 through 36, inclusive, are not directed at these Defendants and therefore no response of these Defendants is required. To the extent any such response is required, these Defendants deny all allegations set forth in Paragraphs 32 through 36, inclusive, of Plaintiff's Amended Petition.

### COUNT III – NEGLIGENT HIRING BY KARDAN TRUCKING, INC.

30. In response to Paragraph 37 of the Plaintiff's Amended Petition, these Defendants restate and reallege their responses to Paragraphs 1 through 36 of Plaintiff's

Amended Petition as if fully set forth herein.

31. The allegations set forth within Paragraphs 38 through 40, inclusive, are not directed at these Defendants and therefore no response of these Defendants is required. To the extent any such response is required, these Defendants deny all allegations set forth in Paragraphs 38 through 40, inclusive, of Plaintiff's Amended Petition.

### COUNT IV – NEGLIGENT TRAINING AND SUPERVISION BY KARDAN TRUCKING, INC.

32. In response to Paragraph 41 of the Plaintiff's Amended Petition, these Defendants restate and reallege their responses to Paragraphs 1 through 40 of Plaintiff's Amended Petition as if fully set forth herein.

33. The allegations set forth within Paragraphs 42 through 44, inclusive, are not directed at these Defendants and therefore no response of these Defendants is required. To the extent any such response is required, these Defendants deny all allegations set forth in Paragraphs 42 through 44, inclusive, of Plaintiff's Amended Petition.

### COUNT V – EUGENE VAN-BUREN'S NEGLIGENCE

34. In response to Paragraph 45 of the Plaintiff's Amended Petition, these Defendants restate and reallege their responses to Paragraphs 1 through 44 of Plaintiff's Amended Petition as if fully set forth herein.

35. The allegations set forth within Paragraphs 46 through 49, inclusive, are not directed at these Defendants and therefore no response of these Defendants is required. To the extent any such response is required, these Defendants deny all allegations set forth in Paragraphs 46 through 49, inclusive, of Plaintiff's Amended Petition.

## COUNT VI – VICARIOUS LIABILTY OF SWIFT TRANSPORTATION COMPANY

36. In response to Paragraph 50 of the Plaintiff's Amended Petition, these Defendants restate and reallege their responses to Paragraphs 1 through 49 of Plaintiff's Amended Petition as if fully set forth herein.

37. The allegations set forth within Paragraphs 51 through 55, inclusive, are not directed at these Defendants and therefore no response of these Defendants is required. To the extent any such response is required, these Defendants deny all allegations set forth in Paragraphs 51 through 55, inclusive, of Plaintiff's Amended Petition.

## COUNT VII – NELGIGENT HIRING BY SWIFT TRANSPORTATION COMPANY

38. In response to Paragraph 56 of the Plaintiff's Amended Petition, these Defendants restate and reallege their responses to Paragraphs 1 through 55 of Plaintiff's Amended Petition as if fully set forth herein.

39. The allegations set forth within Paragraphs 57 through 59, inclusive, are not directed at these Defendants and therefore no response of these Defendants is required. To the extent any such response is required, these Defendants deny all allegations set forth in Paragraphs 57 through 59, inclusive, of Plaintiff's Amended Petition.

## COUNT VIII – NEGLIGENT TRAINING AND SUPERVISION BY SWIFT TRANSPORTATION COMPANY

40. In response to Paragraph 60 of the Plaintiff's Amended Petition, these Defendants restate and reallege their responses to Paragraphs 1 through 59 of Plaintiff's Amended Petition as if fully set forth herein.

41. The allegations set forth within Paragraphs 61 through 63, inclusive, are not

directed at these Defendants and therefore no response of these Defendants is required. To the extent any such response is required, these Defendants deny all allegations set forth in Paragraphs 61 through 63, inclusive, of Plaintiff's Amended Petition.

### COUNT IX – ANTHONY SMITH'S NEGLIGENCE

42. In response to Paragraph 64 of the Plaintiff's Amended Petition, these Defendants restate and reallege their responses to Paragraphs 1 through 63 of Plaintiff's Amended Petition as if fully set forth herein.

43. These Defendants admit Paragraph 65 of the Plaintiff's Amended Petition.

44. These Defendants deny Paragraph 66, to include subparts s – aa, of the Plaintiff's Amended Petition.

45. These Defendants deny Paragraph 67 of the Plaintiff's Amended Petition.

46. These Defendants deny Paragraph 68 of the Plaintiff's Amended Petition.

### COUNT X – VICARIOUS LIABILITY OF RUSSO BROTHERS TRANSPORT, INC.

47. In response to Paragraph 69 of the Plaintiff's Amended Petition, these Defendants restate and reallege their responses to Paragraphs 1 through 68 of Plaintiff's Amended Petition as if fully set forth herein.

48. These Defendants admit Paragraph 70 of the Plaintiff's Amended Petition.

49. These Defendants admit Paragraph 71 of the Plaintiff's Amended Petition.

50. These Defendants admit Paragraph 72 of the Plaintiff's Amended Petition.

51. These Defendants admit Paragraph 73 of the Plaintiff's Amended Petition.

52. These Defendants deny Paragraph 74 of the Plaintiff's Amended Petition.

### COUNT XI – NEGLIGENT HIRING BY RUSSO BROTHERS TRANSPORT, INC.

53. In response to Paragraph 75 of the Plaintiff's Amended Petition, these Defendants

restate and reallege their responses to Paragraphs 1 through 74 of Plaintiff's Amended Petition as if fully set forth herein.

54. These Defendants deny Paragraph 76 of the Plaintiff's Amended Petition.

55. These Defendants deny Paragraph 77 of the Plaintiff's Amended Petition.

56. These Defendants deny Paragraph 78 of the Plaintiff's Amended Petition.

**COUNT XII – NEGLIGENT TRAINING AND SUPERVISION BY RUSSO BROTHERS TRANSPORT, INC.**

57. In response to Paragraph 79 of the Plaintiff's Amended Petition, these Defendants restate and reallege their responses to Paragraphs 1 through 78 of Plaintiff's Amended Petition as if fully set forth herein.

58. These Defendants deny Paragraph 80 of the Plaintiff's Amended Petition.

59. These Defendants deny Paragraph 81 of the Plaintiff's Amended Petition.

60. These Defendants deny Paragraph 82 of the Plaintiff's Amended Petition.

**JURY DEMAND**

61. These Defendants likewise demand a trial by jury.

**AFFIRMATIVE DEFENSES**

62. These Defendants affirmatively allege that Plaintiff's Amended Petition fails to state a cause of action against this Defendant for which relief can be granted.

63. These Defendants affirmatively allege that Plaintiff has not been injured in the manner or to the extent alleged.

64. These Defendants affirmatively allege that the Plaintiff's own negligence was the sole or contributory cause of the alleged injuries sufficient to bar or reduce Plaintiff's recovery pursuant to the Iowa Comparative Fault Act.

65. These Defendants affirmatively allege that the sole and proximate cause of the Plaintiff's alleged damages, if any, was the conduct of another party or parties or

person(s) and conditions not within the control of the Defendants.

66. These Defendants affirmatively allege that Plaintiff failed to take reasonable steps to reduce or mitigate the alleged damages, if any.

67. These Defendants affirmatively allege the sole proximate cause of Plaintiff's alleged damages, if any, was an intervening cause unforeseeable to these Defendants.

68. These Defendants affirmative allege Plaintiff failed to name all necessary parties.

69. These Defendants reserve the right to assert additional affirmative defenses as discovery progresses.

**WHEREFORE**, Defendants, Anthony Smith and Russo Brothers Transport, Inc., having responded to Plaintiff's Amended Petition, respectfully requests the Court dismiss the same and for such other and further relief as the Court deems appropriate.

Anthony Smith and Russo Brothers Transport, Inc., Defendants

By:_____
Stephen G. Olson, II, #AT0005987
Engles, Ketcham, Olson & Keith, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, Nebraska 68102
(402) 348-0900
(402) 348-0904 (Facsimile)
solson@ekoklaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that on May 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Charles E. Cutler
Cutler Law Firm, PC
1307 50th Street
West Des Moines, IA 50266
Email Address: ccutler@cutlerfirm.com
**Attorney For: Mosinski**

Matthew D. Jacobson
Whitfield & Eddy, P.L.C.
699 Walnut St., Suite 2000
Des Moines, IA 50309
(515) 246-1474
jacobson@whitfieldlaw.com
**Attorney for Eugene Van Buren and Swift Transportation Co., LLC**

Matthew J. Nagle
Lynch Dallas, P.C.
526 Second Avenue, SE
P.O. Box 2457
Cedar Rapids, IA 52406
(319) 365-9101
mnagle@lynchdallas.com
**Attorney for Johan Caballero and Kardan Trucking, Inc.**

                                      */s/Stephen G. Olson, II*