## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| CHARLOTTE MOSINSKI, individually, as Executor of the Estate of DAVID MOSINSKI, <br><br> Plaintiff, <br><br> vs. <br><br> JOHAN CABALLERO, KARDAN TRUCKING, INC., EUGENE VAN-BUREN, SWIFT TRANSPORTATION CO., ANTHONY SMITH, RUSSO BROTHERS TRANSPORT, INC., and AUTO-OWNERS INS. CO., <br><br> Defendants. | Case No. 3:23-cv-00027 <br><br> **SECOND AMENDED PETITION AT LAW AND JURY DEMAND** |

**COMES NOW** the Plaintiff, by and through counsel, Charles E. Cutler, and for Plaintiff's cause of action against Defendants, state as follows:

### COMMON FACTUAL ALLEGATIONS

1.      The subject of this Petition is a motor vehicle collision that took place in Johnson County, Iowa on January 8, 2023.

2.      Plaintiff Charlotte Mosinski, at all times material hereto, was a resident of Muscatine County, Iowa.

3.      On the date of the collision described herein, Charlotte Mosinski was married to David Mosinski.

4.      Charlotte Mosinski is the Administrator of the Estate of David Mosinski.

5.      Defendant Johan Caballero, at all times material hereto, was a resident of Harris County, Texas and employee of Kardan Trucking, Inc.

6.      Defendant Kardan Trucking, Inc., at all times material hereto, was an incorporated

Exhibit A

business with its principal place of business in Marion County, Indiana.

7.      Defendant Eugene Van-Buren, at all times material hereto, was a resident of Luzerne County, Pennsylvania and employee of Swift Transportation Company.

8.      Defendant Swift Transportation Company, at all times material hereto, was an incorporated business with its principal place of business in Maricopa County, Arizona.

9.      Defendant Anthony Smith, at all times material hereto, was a resident of Dallas County, Texas and employee of Russo Brothers Transport, Inc.

10.     Defendant Russo Brothers Transport, Inc., at all times material hereto, was an incorporated business with its principal place of business in Sacramento County, California.

11.     Defendant Auto-Owners Insurance Company, at all times material hereto, was an insurance company with its principal place of business in Lansing, Michigan.

12.     This action has been filed in the proper county pursuant to Iowa Code section 616.18 in that Johnson County is the county in which Plaintiff's injuries and damages were sustained.

13.     Inasmuch as the motor vehicle collision that is the subject of this Petition occurred on January 8, 2023, this Petition has been timely filed within the two (2) year statute of limitations set forth in Iowa Code section 614.1(2).

14.     On or about January 8, 2023 at about 5:25 a.m. (collectively Date), David Mosinski was driving a 2014 Chevrolet Silverado truck and traveling westbound on Interstate 80 in Johnson County, Iowa.

15.     On the Date, Defendant Caballero was driving a semi owned by Kardan Trucking, Inc. and was traveling westbound on Interstate 80 in Johnson County, Iowa.

16.     On the Date, Defendant Van-Buren was driving a semi owned by Swift

Transportation Company and was traveling westbound on Interstate 80 in Johnson County, Iowa.

17.     On the Date, Defendant Smith was driving a semi owned by Russo Brothers Transport, Inc. and was traveling westbound on Interstate 80 in Johnson County, Iowa.

18.     All of the said vehicles were part of a motor vehicle collision involving a total of 17 vehicles.

19.     On the Date, Defendant Caballero lost control of his semi, struck the median cement barrier, and his semi came to rest in a "jackknifed" position blocking all three lanes of traffic.

20.     On the Date, Defendant Van-Buren was travelling behind Defendant Caballero's vehicle and attempted to avoid Defendant Caballero's vehicle by driving his semi onto the shoulder of Interstate 80.

21.     On the Date, David Mosinski was unable to avoid the vehicles in front of him and struck the trailer of Defendant Van-Buren's semi, struck the trailer of Defendant Caballero's semi, and came to rest on the shoulder of Interstate 80.

22.     On the Date, Defendant Smith was travelling behind David Mosinski's vehicle, lost control of his semi, and struck the driver's side of David Mosinski's vehicle.

23.     David Mosinski died as a result of the collision.

24.     Plaintiff incurred damages as a result of the collision and David Mosinski's death.

25.     Plaintiff is entitled to all injuries and damages cognizable under Iowa law, including but not limited to, damages for the following:

      a.     Medical expenses;

      b.     Pre-death physical and mental pain and suffering;

      c.     Pre-death loss of mind and body;

      d.     Burial expenses;

e.    Pecuniary loss to the Estate;

f.    Past and future loss of spousal support and consortium;

g.    Property damages;

h.    Any other damages as discovered herein; and

i.    Any other damages cognizable under Iowa law.

26.    Plaintiff's damages exceed the jurisdictional amount set forth in Iowa Code section 631.1.

## COUNT I – JOHAN CABALLERO'S NEGLIGENCE

27.    Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

28.    Defendant Caballero had a duty to operate his vehicle in a safe manner.

29.    Defendant Caballero was negligent in one or more of the following particulars:

a.    Failing to maintain control of his vehicle;

b.    Driving too fast for the conditions;

c.    Failing to keep a proper lookout;

d.    Failing to yield the right of way;

e.    Failing to keep an assured clear distance;

f.    Failing to observe the posted speed limit;

g.    Failing to exercise that degree of ordinary care required under the circumstances then and there existing;

h.    Failing to adhere to the standards established by Iowa Code Chapter 321; and

i.    Failing to adhere to the standards established by an applicable local

ordinance.

30.     Defendant Caballero's negligence was a proximate cause of Plaintiff's damages.

31.     Defendant Caballero is liable for Plaintiff's damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Caballero individually, jointly and/or severally, in an amount that is just, reasonable, and adequate compensation together with interest as allowed by law, and the costs of this action.

### COUNT II – VICARIOUS LIABILITY OF KARDAN TRUCKING, INC.

32.     Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

33.     At all relevant times herein, Defendant Caballero was employed by Kardan Trucking, Inc.

34.     At all relevant times herein, Defendant Caballero was acting within the course and scope of his employment.

35.     At the time of the subject accident, Defendant Caballero was driving Defendant Kardan Trucking, Inc.'s vehicle.

36.     Upon information and belief, Defendant Kardan Trucking, Inc. gave Defendant Caballero permission to drive the subject vehicle.

37.     Defendant Kardan Trucking, Inc. is vicariously liable for all damages suffered by Plaintiff as owner of the vehicle and employer of Defendant Caballero.

WHEREFORE, Plaintiff prays for judgment against Defendant Kardan Trucking, Inc. individually, jointly and/or severally, in an amount that is just, reasonable, and adequate compensation together with interest as allowed by law, and the costs of this action.

### COUNT III – NEGLIGENT HIRING BY KARDAN TRUCKING, INC.

38.     Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

39.     Kardan Trucking, Inc. had a duty to use reasonable care in the selection, hiring, and retention of its employees, including but not limited to Defendant Caballero.

40.     Kardan Trucking, Inc. breached this duty by failing to use reasonable care in the selection, hiring, and retention of its employee, including but not limited to Defendant Caballero.

41.     As a direct and proximate cause of Kardan Trucking's breach, Plaintiff suffered injuries and damages as stated herein.

WHEREFORE, Plaintiff prays for judgment against Defendant Kardan Trucking, Inc. individually, jointly and/or severally, in an amount that is just, reasonable, and adequate compensation together with interest as allowed by law, and the costs of this action.

## COUNT IV – NEGLIGENT TRAINING AND SUPERVISION BY KARDAN TRUCKING, INC.

42.     Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

43.     Kardan Trucking, Inc. had a duty to use reasonable care in the training and supervision of its employees, including but not limited to Defendant Caballero.

44.     Kardan Trucking, Inc. breached this duty by failing to use reasonable care in the training and supervision of its employee, including but not limited to Defendant Caballero.

45.     As a direct and proximate cause of Kardan Trucking's breach, Plaintiff suffered injuries and damages as stated herein.

WHEREFORE, Plaintiff prays for judgment against Defendant Kardan Trucking, Inc. individually, jointly and/or severally, in an amount that is just, reasonable, and adequate compensation together with interest as allowed by law, and the costs of this action.

## COUNT V – EUGENE VAN-BUREN'S NEGLIGENCE

46.     Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

47.     Defendant Van-Buren had a duty to operate his vehicle in a safe manner.

48.     Defendant Van-Buren was negligent in one or more of the following particulars:

    j.      Failing to maintain control of his vehicle;

    k.      Driving too fast for the conditions;

    l.      Failing to keep a proper lookout;

    m.      Failing to yield the right of way;

    n.      Failing to keep an assured clear distance;

    o.      Failing to observe the posted speed limit;

    p.      Failing to exercise that degree of ordinary care required under the circumstances then and there existing;

    q.      Failing to adhere to the standards established by Iowa Code Chapter 321; and

    r.      Failing to adhere to the standards established by an applicable local ordinance.

49.     Defendant Van-Buren's negligence was a proximate cause of Plaintiff's damages.

50.     Defendant Van-Buren is liable for Plaintiff's damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Van-Buren individually, jointly and/or severally, in an amount that is just, reasonable, and adequate compensation together with interest as allowed by law, and the costs of this action.

## COUNT VI – VICARIOUS LIABILITY OF SWIFT TRANSPORTATION COMPANY

51.     Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

52.     At all relevant times herein, Defendant Van-Buren was employed by Swift Transportation Company.

53.     At all relevant times herein, Defendant Van-Buren was acting within the course and scope of his employment.

54.     At the time of the subject accident, Defendant Van-Buren was driving Defendant Swift Transportation Company's vehicle.

55.     Upon information and belief, Defendant Swift Transportation Company gave Defendant Van-Buren permission to drive the subject vehicle.

56.     Defendant Swift Transportation Company is vicariously liable for all damages suffered by Plaintiff as owner of the vehicle and employer of Defendant Van-Buren.

WHEREFORE, Plaintiff prays for judgment against Defendant Swift Transportation Company individually, jointly and/or severally, in an amount that is just, reasonable, and adequate compensation together with interest as allowed by law, and the costs of this action.

**COUNT VII – NEGLIGENT HIRING BY SWIFT TRANSPORTATION COMPANY**

57.     Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

58.     Swift Transportation Company had a duty to use reasonable care in the selection, hiring, and retention of its employees, including but not limited to Defendant Van-Buren.

59.     Swift Transportation Company breached this duty by failing to use reasonable care in the selection, hiring, and retention of its employee, including but not limited to Defendant Van-Buren.

60.    As a direct and proximate cause of Swift Transportation Company's breach, Plaintiff suffered injuries and damages as stated herein.

WHEREFORE, Plaintiff prays for judgment against Defendant Swift Transportation Company individually, jointly and/or severally, in an amount that is just, reasonable, and adequate compensation together with interest as allowed by law, and the costs of this action.

## COUNT VIII – NEGLIGENT TRAINING AND SUPERVISION BY SWIFT TRANSPORTATION COMPANY

61.    Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

62.    Swift Transportation Company had a duty to use reasonable care in the training and supervision of its employees, including but not limited to Defendant Van-Buren.

63.    Swift Transportation Company breached this duty by failing to use reasonable care in the training and supervision of its employee, including but not limited to Defendant Van-Buren.

64.    As a direct and proximate cause of Swift Transportation Company's breach, Plaintiff suffered injuries and damages as stated herein.

WHEREFORE, Plaintiff prays for judgment against Defendant Swift Transportation Company individually, jointly and/or severally, in an amount that is just, reasonable, and adequate compensation together with interest as allowed by law, and the costs of this action.

## COUNT IX – ANTHONY SMITH'S NEGLIGENCE

65.    Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

66.    Defendant Smith had a duty to operate his vehicle in a safe manner.

67.    Defendant Smith was negligent in one or more of the following particulars:

s.    Failing to maintain control of his vehicle;

t.     Driving too fast for the conditions;

u.     Failing to keep a proper lookout;

v.     Failing to yield the right of way;

w.     Failing to keep an assured clear distance;

x.     Failing to observe the posted speed limit;

y.     Failing to exercise that degree of ordinary care required under the circumstances then and there existing;

z.     Failing to adhere to the standards established by Iowa Code Chapter 321; and

aa.     Failing to adhere to the standards established by an applicable local ordinance.

68.     Defendant Smith's negligence was a proximate cause of Plaintiff's damages.

69.     Defendant Smith is liable for Plaintiff's damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Smith individually, jointly and/or severally, in an amount that is just, reasonable, and adequate compensation together with interest as allowed by law, and the costs of this action.

## COUNT X – VICARIOUS LIABILITY OF RUSSO BROTHERS TRANSPORT, INC.

70.     Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

71.     At all relevant times herein, Defendant Smith was employed by Russo Brothers Transport, Inc.

72.     At all relevant times herein, Defendant Smith was acting within the course and scope of his employment.

73.     At the time of the subject accident, Defendant Smith was driving Defendant Russo Brothers Transport, Inc.'s vehicle.

74.     Upon information and belief, Defendant Russo Brothers Transport, Inc. gave Defendant Smith permission to drive the subject vehicle.

75.     Defendant Russo Brothers Transport, Inc. is vicariously liable for all damages suffered by Plaintiff as owner of the vehicle and employer of Defendant Smith.

WHEREFORE, Plaintiff prays for judgment against Defendant Russo Brothers Transport, Inc. individually, jointly and/or severally, in an amount that is just, reasonable, and adequate compensation together with interest as allowed by law, and the costs of this action.

## COUNT XI – NEGLIGENT HIRING BY RUSSO BROTHERS TRANSPORT, INC.

76.     Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

77.     Russo Brothers Transport, Inc. had a duty to use reasonable care in the selection, hiring, and retention of its employees, including but not limited to Defendant Smith.

78.     Russo Brothers Transport, Inc. breached this duty by failing to use reasonable care in the selection, hiring, and retention of its employee, including but not limited to Defendant Smith.

79.     As a direct and proximate cause of Russo Brothers Transport, Inc.'s breach, Plaintiff suffered injuries and damages as stated herein.

WHEREFORE, Plaintiff prays for judgment against Defendant Russo Brothers Transport, Inc. individually, jointly and/or severally, in an amount that is just, reasonable, and adequate compensation together with interest as allowed by law, and the costs of this action.

## COUNT XII – NEGLIGENT TRAINING AND SUPERVISION BY RUSSO BROTHERS TRANSPORT, INC.

80.     Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition

as though fully set forth herein.

81.    Russo Brothers Transport, Inc. had a duty to use reasonable care in the training and supervision of its employees, including but not limited to Defendant Smith.

82.    Russo Brothers Transport, Inc. breached this duty by failing to use reasonable care in the training and supervision of its employee, including but not limited to Defendant Smith.

83.    As a direct and proximate cause of Russo Brothers Transport, Inc.'s breach, Plaintiff suffered injuries and damages as stated herein.

WHEREFORE, Plaintiff prays for judgment against Defendant Russo Brothers Transport, Inc. individually, jointly and/or severally, in an amount that is just, reasonable, and adequate compensation together with interest as allowed by law, and the costs of this action.

**COUNT XIII – CLAIMS AGAINST AUTO-OWNERS INSURANCE COMPANY**

84.    Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

85.    The damages suffered by the Plaintiff exceed the available insurance coverage of Defendants Johan Caballero, Kardan Trucking, Inc., Eugene Van-Buren, Swift Transportation Co., Anthony Smith, and Russo Brothers Transport, Inc.

86.    At the time of the collision, the Plaintiff was insured under a policy of motor vehicle insurance issued by Auto-Owners Insurance Company. Said policy, number 53-164-537-00, provided, *inter alia*, underinsured motorist coverage pursuant to which Auto-Owners Insurance Company shall pay damages suffered by the Plaintiff for which the insurance of the above-named Defendants is not sufficient.

87.    Pursuant to the terms of such policy, the motor vehicles of the above-named Defendants were "underinsured motor vehicles."

88.    Pursuant to the terms of such policy, Auto-Owners Insurance Company must pay the Plaintiff for damages that exceed the available insurance coverage of the above-named Defendants, including but not limited to damages for: medial expenses, pre-death physical and mental pain and suffering, pre-death loss of mind and body, burial expenses, pecuniary loss to the Estate, past and future loss of spousal support and consortium, property damage, and other actual damages.

**WHEREFORE,** Plaintiff prays for judgment against Auto-Owners Insurance Company up to and including the limits of the underinsured motorist coverage provided by the policy at issue, for any other coverage or compensation available under said policy, for interest as provided by law, and for the costs of this action.

**JURY DEMAND**

**COMES NOW** the Plaintiff, and hereby demands a trial by jury on all issues.

Respectfully submitted,

*/s/ Charles E. Cutler*_____
Charles E. Cutler        AT0001806
CUTLER LAW FIRM, P.C.
1307 50th Street
West Des Moines, Iowa 50266
Telephone:    515-223-6600
Facsimile:    515-223-6787
E-mail:    ccutler@cutlerfirm.com
ATTORNEY FOR PLAINTIFF

Original Filed.